IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**ANDREW BUSCH**
in his individual capacity and
on behalf of all others similarly
situated                                                                                    **PLAINTIFF**

V.                                  CASE NO. 4:12-CV-77 DPM

**WAL-MART STORES, INC.**                                                  **DEFENDANT**

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION
FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT**

Defendant Wal-Mart Stores, Inc. ("Walmart"), by its attorneys, Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., submits its Brief in Support of its Motion for Partial Dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the Complaint fails to state a claim upon which relief can be granted on his individual and class claim brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and the Arkansas Civil Rights Act ("ACRA") because criminal history is not a protected class under Title VII or the ACRA; and Plaintiff failed to raise class-wide allegations in his Charge of Discrimination filed with the U.S. Equal Opportunity Commission ("EEOC").

**I.    STATEMENT OF FACTS[1]**

On July 8, 2008, Plaintiff Andrew Busch ("Busch") was hired as an Accommodations Services Manager by Walmart. (Compl. ¶ 4 and Ex. B (Doc 1, p. 7)). He alleges that Walmart discriminated against him based on his age, disability and criminal history when it terminated his employment on February 4, 2011. (Compl. ¶¶ 1, 7, and 8). Busch was convicted of failure to file

---

[1] Pursuant to Fed. R. Civ. Pro. 12(b)(6), a court accepts all factual allegations in the complaint as true for the purpose of deciding a motion to dismiss. *See e.g., Mattes v. AVC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003).

2044154.1

a tax return on August 17, 2005. *United States of America v. Andrew E. Busch*, Case No. 6:05CR10051-001 (Doc. 14) (D. Kansas 2008). In an opinion filed October 17, 2008 the Supreme Court of Kansas found that "[o]n October 3, 2007, the Respondent filed tax returns for 1994 through 2001…. Respondent owes past due federal taxes in the amount of $396,184 and past due federal taxes, penalties and interest in the amount of $1,073,503.78." *In the Matter of Andrew E. Busch, Respondent*, 287 Kan. 80, 80-81.[2] As a result, the Kansas Supreme Court adopted the Disciplinary Administrator's recommendation that Busch be suspended from the practice of law for a period of six months.[3]

After Busch was terminated on February 4, 2011, Busch filed a Charge of Discrimination with the EEOC on or about February 22, 2011. (Compl. Ex. B). In the Charge of Discrimination, Busch stated, in relevant part:

> I believe I was denied a promotion and discharged because of my disabilities in violation of the American with Disabilities Act of 1990, as amended, and because of my age (61) in violation of the Age Discrimination in Employment Act of 1967, as amended. *I was terminated b/c of my criminal history in violation of Title VII*.

(*emphasis added*)(Compl. Ex. B, p.1).

In an Amended Charge of Discrimination, Busch added, "I was subjected to a hostile work environment in violation of T7/ADEA". (Compl. Ex. B, p.2). Busch identified only himself as the alleged victim of discrimination in his Charges of Discrimination, and did not check the "continuing action" box on the charge form. (Compl. Ex. B). The only acts complained of in the

---

[2] Courts may take judicial notice of judicial opinions and public records. *Stutzka v. McCarville*, et. al., 420 F.3d 757, 761 fn. 2 (8th Cir. 2005) (citing *United States v. Eagleboy* 200 F.3d 1137, 1140 (8th Cir 1999)); *Shiraz Hookah, LLC v. City of Minneapolis*, 2011 WL 6950483, *2 (D. Minn.) (The court may take judicial notice of public records and consider them on a motion to dismiss without converting the motion into one for summary judgment.)

[3] In his Complaint Busch states that he "has a legal education", not that he is licensed to practice law in any state. (Compl. ¶ 9.4).

Charge of Discrimination and the Amended Charge of Discrimination were denial of promotion, his termination on February 4, 2011, and hostile work environment. (Compl. Ex. B).

The EEOC issued a Dismissal and Notice of Rights dated November 14, 2011, stating "[t]he EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes." (Compl. Ex. C). Thereafter, on February 6, 2012, Busch filed this Complaint.

In contrast to his Charge of Discrimination, Busch's Complaint includes an allegation that he is bringing this action not only as an individual lawsuit for discrimination on the basis of age, disability, and criminal history, but also alleges that he brings the action on behalf of an unspecified class. (Compl. ¶¶ 1, 9). Paragraphs 9-12 of the Complaint allege only that the action is being pursued as a class action, that class wide violations have occurred, and that allowing the case to proceed as a class is appropriate. (Compl. ¶¶ 9-12). The Complaint does not define the scope of the class and makes only conclusory allegations that the undefined class meets the requirements of Fed. R. Civ. P. 23.

Busch's Charge of Discrimination alleges, "I was terminated because of my criminal history in violation of Title VII," and paragraph 9.2 of his Complaint describes the common question of law and fact pertaining to the class as, "is it legal for Wal-Mart to have a policy that will fire or not hire any person with a criminal background." Based on these allegations, Busch is attempting to bring suit pursuant to Title VII on behalf of himself and an undefined class of persons who were excluded from employment or subsequently terminated by Walmart due to having a criminal history.[4]

---

[4]   On the Charge of Discrimination under the heading "DISCRIMINATION BASED ON (check appropriate box(es)", Busch checked the boxes for AGE, DISABILITY and OTHER (specify). For OTHER, he specified "criminal history." The last sentence of the charge states, "I was terminated b/c of my criminal history in violation of Title VII."

3

## II. ARGUMENT

Under Fed. R. of Civ. P. 12(b)(6), a Complaint must allege facts sufficient to state a claim for relief that is plausible on its face. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011) (citing *Walker v. Barrett*, 650 F.3d 1198, 1203 (8th Cir. 2011)). Legal conclusions, without any supporting factual allegations, are insufficient to survive a motion to dismiss. *Walker*, 650 F.3d at 1209 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009)). The plausibility standard, which requires a federal court complaint to state a claim to relief that is plausible on its face, requires more than a possibility that a defendant has acted unlawfully. *Crest*, 660 F.3d at 353 (citing *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 717 (8th Cir. 2011)). The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 1950. For several reasons there is no factual or legal support for Busch's allegation that he has been discriminated against in violation of Title VII or the ACRA based on his criminal history or that he represents a class of persons discriminated against because of their criminal history. Therefore, Busch's individual claim under Title VII and the ACRA, as well as his class claim, should be dismissed.

    **A.**    **Busch's Individual Title VII and ACRA Claims Should Be Dismissed Because Criminal History Is Not A Protected Class Under Title VII or the ACRA.[5]**

Busch's Title VII claim is that he was discriminated against because he has a criminal history. Busch was convicted of failure to file a tax return. (Compl. ¶ 4, Ex. B); *United States of*

---

[5] Claims premised under the ACRA are analyzed in the same manner as Title VII claims. *Davis v. KARK-TV, Inc.*, 421 F.3d 699, 704 (8th Cir. 2005); *S&G Dev. LLC, et al. v. Ark. Dev. Fin. Auth.*, 211 U.S. Dist. LEXIS 49509 (E.D. Ark. 2011).

4

*America v. Andrew E. Busch*, Case No. 6:05CR10051-001 (Doc. 14) (D. Kansas 2008); *In the Matter of Andrew E. Busch, Respondent*, 287 Kan. 80 (Kan. 2008).

To succeed on his Title VII claim, Busch must first prove he is a member of a protected class. *Martinez v. W.W. Grainger, Inc.*, 664 F.3d 225, 230 (8th Cir. 2011); *May v. Wal-Mart Stores, Inc.*, 2011 U.S. Dist. LEXIS 89181 *2 (E.D. Mich. 2011). Title VII provides that it is an unlawful employment practice for an employer to discriminate based on an individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). The ACRA provides it is illegal to discriminate on the basis on race, religion, national origin, gender or disability. Ark. Code Ann. § 16-123-107(a). Clearly, persons convicted of failure to file a tax return are not a protected class under these statutes. *See, e.g., Seymore v. Josyln, et. al.*, 2009 U.S. Dist. LEXIS 32545, *9 (N.D.N.Y. 2009) (citing, *Levine v. Walmart Stores, Inc.*, 2008 U.S. Dist. LEXIS 4665 (M.D. Pa. 2008) (individual convicted of a sexual offense not protected by Title VII)); *Mooney v. Mid South Health Sys.*, 2008 WL 276291, at *3 (E.D. Ark. 2008) (citing *Gillum v. Downs Regional Off Track Betting Corp. of Nassau*, 357 F. Supp. 2d 564, 569 (E.D.N.Y. 2005) (criminal history cannot form the basis of a Title VII claim)). Busch did not check the boxes on his Charge of Discrimination for race, color, sex, religion or national origin. (Compl. Ex. B). Therefore, he is clearly not a member of a class protected by Title VII.

**B.     Busch's Class Allegations Must Be Dismissed.**

**(1)     Busch May Not Bring a Class Action on Behalf of a Class of which He Is Not a Member.**

Busch states in paragraph 9.2 of the Complaint, "[t]here are questions of law or fact common to the class, i.e., is it legal for Wal-Mart to have a policy that it will fire or not hire any person with a criminal background." As set forth above, criminal history is not a protected class

5

under Title VII or the ACRA, and Busch is not a member of any class of persons protected by Title VII. Therefore the class allegations in the Complaint should be dismissed.

### (2) Title VII Requires That A Plaintiff Timely File a Charge of Discrimination Prior To Filing Suit.

As a prerequisite to suit, Title VII requires that a plaintiff timely file a Charge of Discrimination with the EEOC and receive a Notice of Right to Sue. 42 U.S.C. §§ 2000e-5(b), (c), (e). These procedural requirements are conditions precedent to the filing of a discrimination lawsuit. *Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 800 (8th Cir. 2011) (citing *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994)). The Eighth Circuit has noted:

> [e]xhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts.

*Duncan v. Delta Consol. Indus., Inc.*, 371 F.3d 1020, 1025 (8th Cir. 2004), *abrogated on other grounds*, *Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011); *See also Cottrill v. MFA, Inc.*, 443 F.3d 629, 634 (8th Cir. 2006) ("Permitting claims to be brought in court which are outside the scope of the EEOC charge would circumscribe the EEOC's investigatory and conciliatory role and deprive the charged party notice of the charge"); *Smith v. Little Rock*, 2007 WL 686613, at *7 (E.D. Ark.).

The EEOC administrative process provides an employer with notice of the allegations of discrimination, allows the EEOC to investigate a charging party's claims, and encourages voluntary compliance through the conciliation process. *Williams*, 21 F.3d at 223 (citing *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir. 1985)); *See also Watson v. O'Neill*, 365 F.3d 609, 614 (8th Cir. 2004); *Kloos v. Carter-Day Co.*, 799 F.2d 397, 400 (8th Cir. 1986).

Busch's Charge of Discrimination did not include any allegations related to class discrimination.

### (3) Lawsuit Claims Must Be Reasonably Related to the Underlying Charge.

A plaintiff may file a court action only on those claims that are like or reasonably related to the substance of Charges timely brought before the EEOC. *Williams*, 21 F.3d at 222; *See also Drye v. UAMS*, 2011 U.S. Dist. LEXIS 109247, at *17-19 (E.D. Ark.). In addition, when an employee files a highly specific charge, he limits the number of claims that might relate to it. *Pickney v. Am. Dist. Tel. Co. of Ark.*, 568 F. Supp. 687, 691 (E.D. Ark. 1983) (holding that the plaintiff's training and promotion claims are not sufficiently related to her termination claim); *See also McCastle v. First Capital Mgmt. Grp.*, 2010 WL 779301, at *3 (E.D. Ark. 2010) ("Permitting claims that are outside of the EEOC charge would undermine the EEOC's investigatory and conciliatory role, and deprive the charged party of notice."); *Franklin v. Ark. Dept. of Corrections*, 2009 WL 1605901, at *6 (E.D. Ark. 2009) ("Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge…"); *Caviness v. Nucor-Yamato Steel Co.*, 1993 WL 330648, at *3 (E.D. Ark. 1993) (holding that a charge that describes one discriminatory incident is insufficient to establish jurisdiction for class action claims); *Hopper v. Timex Corp.*, 595 F. Supp. 668, 670 (E.D. Ark. 1983) (holding that plaintiff's charge of discrimination did not put defendant on notice of claims transcending his individual discharge, and nullified any opportunity to conciliate on a class basis).

An allegation in the Charge of Discrimination of class-wide discrimination or claim of class representation is necessary to inform and give notice to the employer that the consequences of an individual plaintiff's charge may "transcend[ ] an isolated individual claim." *Kloos v. Carter-Day Co.*, 799 F.2d 397, 400 (8th Cir. 1986 (quoting *Naton v. Bank of Cal.*, 649 F.2d 691, 697 (9th Cir. 1981)). An EEOC charge that does not provide an employer with notice of potential class claims will not support a subsequent class action lawsuit. *See Ulvin v. Nw. Nat'l Life Ins. Co.*, 943 F.2d 862, 865-66 (8th Cir. 1991) (affirming the dismissal of five early retirees from plaintiff's class action because plaintiff's charge was too narrow to support their claims). As the Eighth Circuit noted, "[f]ailure to require some notice of class claims in the charge would require employers to treat all individual charges as potential class actions." *Kloos*, 799 F.2d at 400. "Employers should not have to labor under the threat of a covert class action throughout the judicial proceedings that typically will follow the filing of an administrative charge." *Id.* at 401.

Busch's Charge of Discrimination does not support his current class claims because he limited his Charge to his individual claims of termination, failure to promote, and hostile work environment.  He did not allege that he was *not hired* because of his criminal history – just that he was terminated because of it.  He provided no notice of potential class allegations on behalf of other individuals who were terminated, much less on behalf of other persons who were not hired. No one could interpret his description in the Charge of Discrimination as anything except allegations of discrimination by Busch individually.  In fact, Busch's Charge focuses solely on the date of his termination, February 4, 2011, and only alleges that "[he] was denied a promotion and discharged because of [his] disabilities … age (61) … [and] [his] criminal history…." (Compl. Ex. B.) In addition, the "continuing action" box was not checked. *Id.*

2044154.1

The facts in this case are similar to both *Caviness* and *Hopper*.  In both cases, the Eastern District of Arkansas held that an EEOC charge aimed strictly at the individual's alleged discriminatory treatment is not sufficient to provide jurisdiction over subsequent class action claims. *Caviness v. Nucor-Yamato Steel Co.*, 1993 WL 330648 at *3 (E.D. Ark. 1993) (holding that a charge that describes one discriminatory incident is insufficient to establish jurisdiction for class action claims); *Hopper v. Timex Corp.*, 595 F. Supp. 668, 670 (E.D. Ark. 1983) (holding that plaintiff's charge of discrimination did not put defendant on notice of claims transcending his individual discharge, and nullified any opportunity to conciliate on a class basis).

Busch's individualized Charge of Discrimination is insufficient to provide this Court with jurisdiction over the class claims alleged in his Complaint.  Therefore, Busch's class allegations do not state a claim that is plausible on its face, and this claim should be dismissed. *See Crest*, 660 F.3d at 353 (citing *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 717 (8th Cir. 2011)).

### C. The Complaint Fails to Allege a Certifiable Class under Fed. R. Civ. P. 23.

Busch's mere repetition of the language of Rule 23 is not sufficient to state a claim on behalf of a class.  There must be an adequate statement of the basic facts to indicate that each of Rule 23's requirements is fulfilled.  Courts have held that class allegations may be dismissed on the pleadings. *See, e.g.*, *John v. National Sec. Fire and Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007) (upholding district court's dismissal of class action claim based on defendant's 12(b)(6) motion).  In this case the Complaint fails to even style the Complaint "Complaint – Class Action" or to define the putative class as required by Local Rule 23.1.

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the U.S. Supreme Court clarified the pleading requirements for a federal court complaint to withstand a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6):

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level.

*Id*. at 555 (internal cites omitted).

Following *Twombly,* courts have increasingly dismissed class-action complaints, in part, based on the insufficiency of the allegations. *See Welch v. Eli Lilly & Co*. For example, in *Welch v. Eli Lilly & Co*., 2008 U.S. Dist. LEXIS 61648 (S.D. Ind. Aug. 7, 2008), the court dismissed the claims of 31 of the named plaintiffs for failure to plead "even the most rudimentary facts necessary for the court to determine whether they [had] stated a legally cognizable claim. . . ." *Welch*, 2008 U.S. Dist. LEXIS 61648, at *11. The allegations asserted by the plaintiffs in *Welch* consisted solely of conclusory statements that they had suffered from "unspecified 'unequal pay practices,' 'unequal promotion practices,' and 'retaliation and hostile work environment.'" *Id*. These allegations, the court held, did not provide "fair notice" to the defendant of the basis for the plaintiffs' claims. In dismissing the case, the court emphasized that "[t]he plaintiffs are not excused of their burden of pleading sufficient facts merely because they have styled their complaint as a class action." *Id* (internal quotations omitted).

The U.S. Supreme Ct. made clear in *Ashcroft v. Iqbal* that a complaint will not survive a motion to dismiss if it contains merely "naked assertions devoid of further factual enhancement." 129 S. Ct. 1937, 1949 (2009). Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Instead, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* The Court opined that "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. Rather "a court considering a motion to dismiss can choose to begin

by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. In the instant Complaint, Plaintiff's recital of the Rule 23 factors, without adequate statements of the basic facts supporting the factors, are conclusory and insufficient to state a plausible class action claim.

### III.   CONCLUSION

Because criminal history is not a protected class under Title VII or the ACRA, Busch's individual claim that he was discriminated against based on his criminal history must be dismissed for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

Further, Busch's class allegations must be dismissed. Busch's Charge of Discrimination contains no reference to class-wide allegations. Absent notice to Walmart, an appropriate investigation by the EEOC, and efforts to conciliate by the EEOC, Walmart should not be required to defend class-wide claims brought for the first time in this litigation, nor defend claims which do not meet the pleading requirements of *Twombly*, *Iqbal* and Local Rule 23.1. Therefore, Busch's class claims should be dismissed with prejudice, including specifically the allegations seeking relief on behalf of a putative class of persons with a criminal history.

> Respectfully submitted,
>
> MITCHELL, WILLIAMS, SELIG,
> GATES & WOODYARD, P.L.L.C.
> 5414 Pinnacle Point Drive, Suite 500
> Rogers, Arkansas, 72758
> Phone: 479-464-5653
> Fax: 479-464-5680
> *mney@mwlaw.com*
>
> By: _____/s/ Marshall Ney_____
>     Marshall Ney, Ark. Bar No. 91108
>     Kathlyn Graves, Ark. Bar No. 76045
>
> *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2012, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

- **Brian Meadors, Amanda Meadors**
  brian@meadorslawfirm.com, mandy@meadorslawfirm.com

> _____/s/ Marshall Ney_____
> Marshall Ney